IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STELLA HALL**                                                                                             PLAINTIFF

v.                                         No. 4:21-cv-257-DPM

**ASBURY PARK APARTMENTS, LP and
ASBURY PARK APARTMENTS GP, LLC**                                        DEFENDANTS

ORDER

1.  Stella Hall was on her way to visit a friend at Asbury Park Apartments on a sunny afternoon in December 2019 when she tripped over an unmarked speed bump in the parking lot. She fell and suffered many serious injuries. She brings claims for negligence and premises liability. Asbury Park moves to exclude the testimony of Hall's expert, Russell Kendzior. It also moves for summary judgment. Most of the material facts are undisputed, but where there is some disagreement, the Court views the facts in the light most favorable to Hall. *Anderson v. Rugged Races, LLC*, 42 F.4th 955, 958 (8th Cir. 2022).

2.  Asbury Park's motion to exclude, Doc. 22, is denied without prejudice. Kendzior is offered as an expert in slip, trip, and fall prevention. He has experience in inspecting walkways and is familiar with industry standards. Fed. R. Evid. 702. The Court will consider Kendzior's preliminary report, Doc. 22-4, in deciding the motion for summary judgment.

3. The threshold issue on summary judgment is Hall's legal status when she fell. Asbury Park argues that she was a licensee; Hall suggests that she was an invitee. Hall acknowledges, though, that her reason for being on the premises was social. She was at the apartment complex to visit her friend, not to confer any benefit on the landowner. Hall was a licensee. *Heigle v. Miller*, 332 Ark. 315, 319-21, 965 S.W.2d 116, 119 (1998); *see also Lloyd v. Pier West Property Owners Association*, 2015 Ark. App. 487, at 1-5, 470 S.W.3d 293, 296-98.

4. Because of Hall's status, Asbury Park had a duty to refrain from injuring her "through willful or wanton conduct." *Heigle*, 332 Ark. at 321, 965 S.W.2d at 120. No one suggests that Asbury Park intended to injure Hall. So the question becomes whether Asbury Park acted willfully or wantonly by consciously disregarding, or being utterly indifferent to, the safety of persons (including Hall) who could reasonably be expected to use the parking lot in visiting Asbury Park's tenants. *Bader v. Lawson*, 320 Ark. 561, 564-65, 898 S.W.2d 40, 42-43 (1995).

Relying on her expert's opinions, Hall argues that the condition of Asbury Park's speed bump establishes a failure to abide by industry standards, and thus willful or wanton conduct. The Court disagrees. Kendzior's opinion provides some evidence of negligence, but it does not establish or define the applicable duty under Arkansas law. *Verson Allsteel Press Co. v. Garner*, 261 Ark. 133, 140, 547 S.W.2d 411,

414-15 (1977) (in banc). More than evidence of negligence is required to show conscious disregard or utter indifference. There's no evidence that Asbury Park knew about the industry standards discussed by Hall's expert. More importantly, there's no evidence that others had tripped over this speed bump or that Asbury Park had been otherwise alerted to a danger. There's no evidence it knew that Hall was in the parking lot, that she was going to walk in the road instead of using the sidewalks, or that she was about to encounter the speed bump but didn't see it. This record, in summary, shows neither willful disregard of, nor utter indifference to, safety issues connected with this speed bump.

Hall argues that the speed bump was a hidden danger. The Arkansas law on this point is settled.

> If the landowner knows or has reason to know of a condition on the premises that is not open and obvious and that creates an unreasonable risk of harm to the licensee, the landowner is under the duty to use ordinary care and to make the condition safe or to warn those licensees who do not know or have reason to know of the danger.

*Cazort v. Garner*, 2022 Ark. App. 186, at 11, 644 S.W.3d 452, 459. Here is a photo of the speed bump taken by Hall's expert. There is no indication of record that the area looked any different on the day Hall fell.



*Doc. 22-4 at 1.*

This wasn't a hidden danger. Although Hall's expert suggests that low lighting would make this speed bump difficult to see, Hall tripped and fell on an afternoon she described as sunny and clear. *Doc. 19-1 at 12-13.* The speed bump was unmarked and made of the same asphalt as the road. It does not shout at a pedestrian. But a reasonable person in Hall's position, using ordinary perception, intelligence, and judgment, would have recognized the uneven surface. *Van DeVeer v. RTJ, Inc.*, 81 Ark. App. 379, 386, 101 S.W.3d 881, 885 (2003); *compare Robinson v. Quail Rivers Properties, LLC*, 2022 Ark. App. 409, at 5-6, 654 S.W.3d 690, 693-94 (record presented fact questions about markings on a "bumper" in a parking space covered by a shadow and whether it was open and obvious to an invitee). It's undisputed

-4-

that Hall could have used the sidewalks, crossing the road at the nearby curb cut. She did not have to encounter the speed bump. *Compare Jenkins v. International Paper Co.*, 318 Ark. 663, 670-71, 887 S.W.2d 300, 304 (1994) and *Robinson, supra*. Again, there's no evidence that anyone connected with Asbury Park saw that Hall (for whatever reason) did not see the speed bump and missed some chance to alert her. Hall's fall was most unfortunate. But Asbury Park didn't have to warn pedestrians about the un-hidden danger of the uneven surface at this place in the road in the parking lot. Asbury Park is entitled to judgment as a matter of law.

\* \* \*

Motion to exclude, *Doc. 22*, denied without prejudice. Motion for summary judgment, *Doc. 19*, granted. Motion in limine, *Doc. 30*, denied as moot.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

4 January 2023